IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CYNTHIA L. HOLMES, P.C., a Missouri professional corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 09-540-GPM |
| BACK DOCTORS, LTD., d/b/a Fairview Heights Spine & Injury Center, | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Cynthia L. Holmes, P.C. ("Holmes"), a Missouri law firm, brings this action on behalf of itself and a putative class of similarly-situated persons and entities alleging violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, by Defendant Back Doctors, Ltd. ("Back Doctors"), d/b/a Fairview Heights Spine & Injury Center, together with pendent state-law claims for conversion and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. The case, which currently is before the Court on Back Doctors's motion to dismiss (Doc. 3), was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, then removed to this Court by Back Doctors. Federal subject matter jurisdiction is proper as to Holmes's TCPA claim pursuant to 28 U.S.C. § 1331. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 C 5953, 2009 WL 2581324, at *3 (N.D. Ill. Aug. 20, 2009); *Benedia v. Super Fair Cellular, Inc.*, No. 07 C 01390, 2007 WL 2903175, at *1

(N.D. Ill. Sept. 26, 2007); *G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F. Supp. 2d 826, 828 (N.D. Ill. 2006); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 0949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006). Holmes's state-law claims are within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367; *Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006); *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995); *Morisch v. United States*, Civil No. 07-145-GPM, 2009 WL 2365649, at *2 (S.D. Ill. May 6, 2009); *Trustees of Marion Kingdom Hall of Jehovah's Witnesses v. City of Marion*, Civil No. 07-530-GPM, 2007 WL 4569718, at **11-12 (S.D. Ill. Dec. 26, 2007); *Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *5 (S.D. Ill. June 15, 2007).[1]

Turning to Back Doctors's motion to dismiss, the Court notes that the motion requires consideration of documents outside the complaint in this case. This generally is improper, of course, in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted because such a motion tests only the legal sufficiency of the allegations of a complaint, not the merits of a plaintiff's claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27

---

1. It perhaps is worth noting that Back Doctors's notice of removal does not allege that federal subject matter jurisdiction is proper in this case based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), and it is too late now for Back Doctors to amend its notice of removal to allege an entirely new basis for federal subject matter jurisdiction in this case. *See Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 785 (S.D. Ill. 2006); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 937 (S.D. Ill. 2006); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006). Also, it is not at all clear from the notice of removal and the record of the case that the prerequisites for the exercise of federal subject matter jurisdiction under CAFA are met here. *See Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 2601259, at *1 (S.D. Ill. Aug. 21, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009).

(7th Cir. 2000); *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009); *Wooden v. Barone*, No. 06-CV-790-JPG, 2007 WL 2481170, at *2 (S.D. Ill. Aug. 29, 2007); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *1 (S.D. Ill. Feb. 5, 2007). However, as Back Doctors points out, in evaluating a Rule 12(b)(6) motion a court can consider matters outside the pleadings if they are referred to in a plaintiff's complaint and are central to the plaintiff's claim. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Price v. Minnesota Life Ins. Co.*, No. 06-cv-1040-DRH, 2008 WL 687131, at *2 (S.D. Ill. Mar. 10, 2008); *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 781908, at *1 n.1 (S.D. Ill. Mar. 13, 2007); *Donaldson v. Pharmacia Pension Plan*, 435 F. Supp. 2d 853, 860 n.2 (S.D. Ill. 2006). In this case Back Doctors makes a strong argument that in evaluating the instant motion to dismiss the Court can consider certain documents submitted in support of the motion, most notably a log of law firms, including Holmes, which appear to have authorized Back Doctors to send them facsimile transmissions. *See* Doc. 3-2 at 7. However, while the Court finds Back Doctors's argument compelling, the Court believes nonetheless that the most prudent course at this juncture is to convert Back Doctors's motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 56; *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996); *Fleischfresser v. Directors of Sch. Dist. 200*, 15 F.3d 680, 684-85 (7th Cir. 1994); *Wilson v. Cahokia Sch. Dist. No. 187*, 470 F. Supp. 2d 897, 914 n.5 (S.D. Ill. 2007); *Marks v. CDW Computer Ctrs., Inc.*, 901 F. Supp. 1302, 1308-09 (N.D. Ill. 1995).

To conclude, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, Back Doctors's motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 3) is **CONVERTED** to a motion for summary judgment. If there is evidence in addition to that which already is before the Court that the parties wish the Court to consider on summary judgment, the parties are **ORDERED** to submit such evidence to the Court not later than Friday, September 25, 2009. If the parties wish to submit additional briefing on summary judgment, they shall do so by the same date or else request a reasonable additional period of time in which to file such briefing.[2]

**IT IS SO ORDERED.**

DATED: September 10, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. The Court notes that Holmes has not filed a response to Back Doctors's motion to dismiss within the time permitted under the Court's local rules. *See* SDIL-LR 7.1(c); *United States ex rel. Bigham v. Rommel*, No. 03-CV-4048-JPG, 2006 WL 3253338, at *2 (S.D. Ill. Nov. 9, 2006); *Tai Hospitality Inc. v. Khan*, No. 03-CV-4231, 2006 WL 44184, at *2 (S.D. Ill. Jan. 9, 2006); *Davis v. Olin Corp.*, No. 05-CV-4001-JPG, 2005 WL 3455120, at *8 (S.D. Ill. Dec. 16, 2005).