IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA L. HOLMES, P.C. a Missouri professional corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 09-540-GPM<br>)<br>) |
| vs. | )<br>) |
| BACK DOCTORS LTD. d/b/a FAIRVIEW HEIGHTS SPINE AND INJURY CENTER, | )<br>)<br>)<br>) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S F.R.C.P. 59(e) MOTION

COMES NOW Defendants, **BACK DOCTORS LTD. d/b/a FAIRVIEW HEIGHTS SPINE AND INJURY CENTER**, by and through its undersigned attorneys, and in Response to Defendant's F.R.C.P 59(e) Motion, states as follows:

### INTRODUCTION

Plaintiff has moved this Honorable Court to vacate its entry of Summary Judgment in favor of Defendant on various grounds. The Court should deny the Plaintiff's Motion for three critical reasons. First, Plaintiff concedes she performed a search for evidence *after* the Court granted Defendant's converted Motion for Summary Judgment. (¶ 1 Plaintiff's Motion to Vacate). It is clear (and the Plaintiff does not argue otherwise) that the alleged evidence the Plaintiff seeks to introduce was available prior to the entry of summary judgment and therefore should not be considered. Second, even if this new untimely "evidence" was relevant, insightful, and probative, (which it is not), it fails to resurrect Plaintiff's claims because based on the fax itself the Court correctly found that the subject fax was not an advertisement as defined under the Act. Third,

Plaintiff improperly sets forth new argument in her Motion to Reconsider that should not be considered.   Furthermore, the Defendant has obtained the phone records from Pamela Ramkissoon's telephone provider EarthLink and as attached same as a supplement to the record for the Court's indulgence prior to the December 21, 2009 hearing.  (Attached as Exhibits 1 through 6). The records also rebut Plaintiff's argument that Ramkissoon could not have called the law offices she stated she did.  Page nineteen (19) of the phone record production (Exhibit 3) reflects that on October 15, 2008 at 21:47:02, Ramkissoon called the Plaintiff at telephone number 314-721-7010.  Therefore, the Court should deny Plaintiff's Motion.

## LAW

A Rule 59 motion is improper if it is based on evidence which could have been submitted prior to the entry of summary judgment. *Publishers Resource v. Walker & Davis Publications*, 762 F.2d 557, 561 (7th Cir.1985) (Rule 59e motion to alter a grant of summary judgment is really a motion to reconsider; such motions serve to correct manifest errors of law or fact, or to present newly discovered evidence, but they cannot be used as a means to introduce evidence that could have been adduced during the pending of the summary judgment motion).  Developing an argument for the first time in a motion to reconsider is too late. See *Brooks v. City of Chicago,* 564 F.3d 830, 833 (7th Cir.2009) ("[A]ny arguments ... raised for the first time in [a] motion to reconsider are waived.")

## ARGUMENT

**A.     Plaintiff's Motion is based on evidence which could have been submitted prior to the entry of summary judgment and therefore should not be considered.**

A Rule 59 motion is improper if it is based on evidence which could have been submitted prior to the entry of summary judgment. *Publishers Resource v. Walker & Davis Publications*, 762 F.2d 557, 561 (7th Cir.1985).

All of Plaintiff's newly discovered evidence could have been discovered prior to the Court's ruling on summary judgment and before filing of the instant lawsuit. Counsel cannot simply bury his head in the sand, wait for unpleasant outcome, and then attempt his due diligence after-the-fact. However, it did not take counsel long to "discover" this evidence.  For example Exhibit 3-B to Plaintiff's Motion depicts a webpage access date and time of October 21, 2009, 2:27 p.m. when the Court's ruling was issued at 1:25 p.m. the same day. It is telling that it took Plaintiff one hour and two minutes to locate evidence she now suggests should encourage the Court to vacate its prior grant of Summary Judgment. Such evidence is too little too late.

In addition, in reviewing Exhibit 14-M to Plaintiff's Motion it is clear a simple Google search would have revealed nearly a thousand results. Plaintiff offers no explanation of why such search was not performed prior to the Court's grant of Summary Judgment or that such evidence was not available prior to this Court's order. Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir.2000).   Plaintiff simply failed to do so.

**B.    The Court correctly found the subject fax was not an advertisement as defined under the Act.**

The Court correctly followed the factors relevant to determining whether a fax is a bona fide informational communication rather than an advertisement.   Rules  and

<u>Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005,</u> 71 Fed.Reg. 25967-01, 25973 (May 3, 2006) (to be codified at 47 C.F.R. § 64.1200).  *Holmes v. Back Doctors, Ltd.,* Slip Copy, 2009 WL 3425961, 7 (S.D.Ill.,2009).

The exhibits and argument submitted by the Plaintiff go beyond the four corners of the fax and do not attempt to correct manifest errors of law or fact. Surprisingly, Plaintiff does not disagree with the reasoning of the Court's order granting Summary Judgment for the Defendant. Instead, Plaintiff contends that additional background information and marketing goals of the company that creates the substance of the fax is determinative as to the issues of whether Defendant violated the TCPA. Plaintiff's backward approach would change the way courts review faxes to determine the legal status of the fax under the TCPA.

In reviewing Plaintiff's Motion to Reconsider it is clear that the Plaintiff does not take issue with respect to the Court's findings of fact and conclusions of law. The Court held the following, Pg. 7 through 8 of the Court's Memorandum and Opinion.

- It appears from the record that the faxes contain bona fide medical information of interest to personal injury lawyers" [.]

    Plaintiff does not disagree.

- "[T]that Back Doctors issues its faxes on a regular schedule, that is, bi-monthly"[.]

    Plaintiff does not disagree.

- [T]hat the text of the faxes changes from issue to issue [.]

    Plaintiff does not disagree.

- [T]hat the faxes are directed to specific regular recipients, specifically, personal injury law firms [.]

Plaintiff does not disagree.

- "[O]nly about one-seventh of the space in each fax is devoted to advertising for the Fairview Heights Spine & Injury Center, which, as noted, is the name under which Back Doctors does business[.]

Plaintiff does not disagree.

A review of Plaintiff's Motion suggests that Plaintiff does not disagree with the Court's application of the relevant factors but instead contends, in a nut-shell, that the purpose of the fax, not the four corners of the fax itself, should be evaluated by the Court in determining whether the fax violates the TCPA. However, this is not the procedure for determining whether a fax is a bona fide informational communication rather than an advertisement. Because Plaintiff's motion does not attempt to correct errors in law or fact, nor provide newly discovered evidence unavailable at the time of Summary Judgment the Plaintiff's Motion should be denied.

### C. Plaintiff improperly sets forth new argument in her Motion to Reconsider

Plaintiff for the first time argues that Defendant failed to provide its contact information in the fax thereby violating the TCPA. (*Id.* ¶ 48-53). This argument is entirely new, and others like it, are clearly waived as improper new argument in a Motion to Reconsider. Developing an argument for the first time in a motion to reconsider is too late. See *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir.2009) ("[A]ny arguments ... raised for the first time in [a] motion to reconsider are waived.")

WHEREFORE, Defendant **BACK DOCTORS LTD. d/b/a FAIRVIEW HEIGHTS SPINE AND INJURY CENTER**, respectfully requests this Honorable Court deny Plaintiff's 59(e) Motion.

                              Respectfully Submitted,

**DATED:  November 19, 2009**

                            **BACK DOCTORS, LTD.**

                        By: /s/ Brian T. Kreisler
                            One of Its Attorneys

| | |
|---|---|
| Paul M. Weiss | Kevin T. Hoerner No. 06196686 |
| George K. Lang | Brian T. Kreisler  No. 06283303 |
| Eric C. Brunick | **BECKER, PAULSON, HOERNER** |
| **FREED & WEISS LLC** | **& THOMPSON, P.C.** |
| 111 West Washington Street, Suite 1331 | 5111 West Main Street |
| Chicago, Illinois 60602 | Belleville, Illinois 62226 |
| (312) 220-0000 | (618) 235-0020 |
| | |
| Richard J. Burke | **Attorneys for Defendant** |
| **RICHARD J. BURKE LLC** | |
| 1010 Market Street, Suite 660 | |
| St. Louis, Missouri 63101 | |
| (314) 880-7000 | |

### CERTIFICATE OF SERVICE

I hereby certify that on  November 19, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of such filing(s) to all counsel of record.

                              Respectfully submitted,

                              **s/  Brian T. Kreisler**
                              Brian T. Kreisler

          **BECKER, PAULSON, HOERNER**
          **& THOMPSON, P.C.**
          5111 West Main Street
          Belleville, IL 62226
          Tel:  (618) 235-0020
          Fax: (618) 235-8558
          ARDC #06283303